TRULINCS 25556511 - FERNANDEZ SALCEDO, YERCY - Unit: PHL-D-N

------------------------------------------------------------------------------

FROM: 25556511
TO:
SUBJECT: Pro Se
DATE: 01/08/2026 12:46:12 PM

Clerk of Court
601 Market Street
Philadelphia, PA 19106



Yercy Fernandez Salcedo
FDC Philadelphia
P.O. Box 562
Philadelphia, PA 19105

RE: United States v. Yercy Fernandez Salcedo
Docket No:

Dear Clerk:

    Please find enclosed Defendant's pro se supplemental letter brief in lieu of a more formal brief in support of Defendant's Motion to Substitute Counsel and Withdraw Guilty Plea. Also enclosed is Defendant's Certification of Proof of Service.

    Defendant files such pro se motion as matter of right to assist defense counsel, as implied right to assist in his defense. Faretta v. Cali 422 U.S. 806 (1975), "the pro se attempt to file motion should have been honored under these circumstances...the court directing the clerk, we deem a blanket direction to the clerk that no pro se motions are to be filed where a defendant is represented by counsel to be unacceptable" id.

    Please file and process in an orderly manner. Your time and appreciation is appreciated. Thank you.

Date: 1-8-2026

Sincerely yours,
Yercy Fernandez
Defendant, Pro Se

TRULINCS 25556511 - FERNANDEZ SALCEDO, YERCY - Unit: PHL-D-N

---

FROM: 25556511
TO:
SUBJECT: Motion
DATE: 01/05/2026 03:05:15 PM



RECEIVED JAN 15 2026 U.S.C.A. 3rd CIRCUIT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

YERCY FERNANDEZ SALCEDO

CRIMINAL ACTION

No. 24-cr-208-2
No. 25-cr-262-1

DEFENDANT'S MOTION TO SUBSTITUTE COUNSEL AND WITHDRAW GUILTY PLEA

Defendant Yercy Fernandez Salcedo, Pro Se, files the instant motion to substitute counsel and withdraw his guilty plea. In support thereof, Mr Salcedo avers as follows:

1. Defendant's counsel allowed favorable plea deal to expire without informing him of this possibility or outcome.

2. The Government would have accepted aforementioned expired plea deal had it been timely signed, based on the statements of the prosecutor

3. Defendant would have signed aforementioned plea deal over the current one, as evidenced by his signing a more severe agreement.

2. Defendant's counsel did not adequately advise Defendant of potential sentencing exposure in his current guilty plea.

3. Counsel's aforementioned conduct shows complete breakdown of communication and irreconcilable conflict.

Attached is a Memorandum of Law in support of this Motion and Certificate of Service to recipients.

WHEREFORE, Defendant Yercy Fernandez Salcedo, Pro Se, requests that this Court GRANTS this motion to substitute counsel and withdraw plea of guilty.

Respectfully Submitted,

*Yercy Fernandez Salcedo*
Yercy Fernandez Salcedo
Defendant, Pro Se
25556511 FDC Philadelphia

TRULINCS 25556511 - FERNANDEZ SALCEDO, YERCY - Unit: PHL-D-N

---

FROM: 25556511
TO:
SUBJECT: Certificate
DATE: 01/05/2026 02:58:53 PM



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

YERCY FERNANDEZ SALCEDO

CRIMINAL ACTION

No. 24-cr-208-2
No. 25-cr-262-1

CERTIFICATE OF SERVICE

Defendant, Yercy Fernandez Salcedo, hereby swears that the following person(s) were served with attached motion and memorandum of law via the following mean(s)

    Via First Class Mail:
    Hon. Judge Chad F. Kenney
    United States District Court
    601 Market Street
    Philadelphia PA 19106

Respectfully Submitted,

/s/ Yercy Fernandez Salcedo
Yercy Fernandez Salcedo
25556511 FDC Philadelphia
Defendant, Pro Se
P.O. Box 562
Philadelphia PA, 19105

TRULINCS 25556511 - FERNANDEZ SALCEDO, YERCY - Unit: PHL-D-N

---

FROM: 25556511
TO:
SUBJECT: Memorandum
DATE: 01/05/2026 06:58:14 PM



## MEMORANDUM OF LAW IN SUPPORT OF MOTION
## TO SUBSTITUTE COUNSEL AND WITHDRAW GUILTY PLEA

Defendant's pro se motion to withdraw his guilty plea and substitute his Counsel should be granted for ineffective assistance of counsel, complete breakdown of communication, and irrevocable conflict. Counsel failed to advise Defendant of the expiry of a favorable plea agreement in time and failed to advise him of sentence exposure in the subsequent guilty plea as is required under his Sixth Amendment rights. This conduct constitutes both a violation of the Sixth Amendment under Missouri v Frye, 132 SCt 1399, 182 LEd 2d 379, 566 US 134, and the conditions required by This Court for the substitution of Counsel as in United States v Diaz, 951 F3d 148 (3d Cir 2019).

### FACTUAL BACKGROUND

On or around June of 2024, Defendant was indicted on drug charges in the Eastern District of Pennsylvania. In November of 2024, Defendant's counsel was presented two separate "C-Pleas" by the Government. One would grant Defendant a lower "5 year mando", charging him with 841(a), (b)(1)(b), 922(g), and 924(c). The other would drop the 924(c) and maintain the other charges, but sentence him a guaranteed 13 years. In April of 2025, Counsel advised that Defendant should either plead guilty or go to trial, without advising him that the previous plea deal had expired, or of the greater sentencing exposure he now faced in pleading guilty. In June of 2025, Defendant pleaded guilty to a much higher sentence exposure than the Government had offered to Counsel in the months prior.

### FAILURE TO ADVISE EXPIRY OF PLEA AGREEMENT

Counsel allowing the plea deal to expire while never advising Defendant of this fact constitutes incompetent counsel under Strickland and Frye. Under the two pronged test of Strickland v Washington, 466 US 688, 104 S Ct 202, 80 L Ed 2d 674 (1984), Defendant must show both that counsel made errors so serious that counsel was not functioning as guaranteed by the Defendant by the Sixth Amendment, and that there must be reasonable probability that but for these errors, the result would be different. Missouri v Frye (id.) extended this to the plea bargaining process. In Frye, the Supreme Court determined that the defense counsel violated the defendant's Sixth Amendment right to counsel by not advising him of a favorable plea deal, thereby exposing him to a worse sentence because of his conduct. The Court vacated the defendant's defective plea deal and sentence, and imposed a new trial date. This case, like Frye involves counsel that failed to timely advise the Defendant of a plea agreement. Though Counsel initially informed Defendant of the potential agreement, he never updated him on deadlines to accept, up until it was too late. Under Frye, the fact that Defendant signed a more severe plea agreement willingly is proof that he would have signed an agreement that was more in his favor. The Government was likely to have accepted the plea, seeing as they presented the agreement in the first place. As in Frye, defense counsel's conduct is incompetent counsel in violation of the Sixth Amendment. This Court should allow withdrawal from a plea of guilty to remedy this.

### FAILURE TO ADVISE POTENTIAL SENTENCE EXPOSURE

Counsel failing to advise Defendant of the higher potential sentence exposure in the deal he signed is another example of incompetent counsel. This Court ruled in Giamo that potencial sentencing exposure must be included in the plea advisory process, United States v Giamo 153 F. Supp. 3d 744. Defendant signed a deal thinking that the beneficial stipulations he previously discussed with Counsel were still in effect, because Counsel neither advised him of the previous deal's expiry nor of the new agreement's sentence exposure. Counsel is required to give enough information "to make a reasonably informed decision whether to accept a plea offer" Shotts v. Wetzer 724 F. 3d 364, 376 (3d Cir 2013) (citation omitted). Counsel's failure to do so constitutes a Sixth Amendment violation, this Court should remedy the violation by allowing withdrawal from the plea.

### BASIS FOR SUBSTITUTION OF COUNSEL

Counsel's failure to advise expiry of plea agreement and potential sentence exposure also constitutes a breakdown in communication and irreconcilable conflict as this court has required for substitution of counsel under United States v Diaz (id). Counsel failed to adequately communicate the deadlines for the plea deal the Government had presented him, and failed to advise the sentence exposure for the agreement that he was eventually pressured to sign. This is by definition a breakdown in

TRULINCS 25556511 - FERNANDEZ SALCEDO, YERCY - Unit: PHL-D-N
--------------------------------------------------------------------------------

communication. Counsel failed to properly advise of the sentencing exposure in the subsequent guilty plea. This is an irreconcilable conflict between the interests of the Defendant and of the Counsel. This Court in Diaz also noted that there is typically no limitation on the number of complaints a Defendant raises against their attorney. While the previous attempt at removing Defendant's attorney failed, if he raises a new and meritorious complaint it should be heard and this is such a case. Defendant should be allowed substitution of counsel to remedy Counsel's breakdown in communication and irreconcilable conflict.

CONCLUSION

   Defendant has a right to effective counsel under the Sixth Amendment. The Supreme Court has ruled that this right extends to the plea advisory process. This Third Circuit has ruled that this right extends further to ensuring sound advice on sentence exposure. This Court has also ruled that a breakdown in communication and an irreconcilable conflict are among the grounds for substitution of counsel by the court; and that there is ordinarily no limit on the number of complaints by the defendant. This Court, based on ample precedent from the Supreme Court and the Third Circuit, should remedy Defendant for his counsel's conduct by substitution of counsel and allowing withdrawal from his guilty plea.

TRULINCS 25556511 - FERNANDEZ SALCEDO, YERCY - Unit: PHL-D-N

---

FROM: 25556511
TO:
SUBJECT: Verification
DATE: 01/08/2026 12:38:40 PM

RECEIVED JAN 15 2026
U.S.C.A. 3rd CIRCUIT

## VERIFICATION

    I, Yercy Salcedo Fernandez, do hereby swear and affirm that the facts and matters set forth in the foregoing MOTION TO SUBSTITUTE COUNSEL AND WITHDRAW GUILTY PLEA are true and correct to the best of my knowledge, information, and belief. The undersigned understands that the statements made therein are made subject to the penalties of 18 Pa.C.S. 4904 relating to unsworn falsification to authorities.

Date: January 8, 2026

By: *[signature]*
Yercy Fernandez Salcedo
Defendant, Pro Se
FDC Philadelphia
P.O. Box 562
Philadelphia, PA 19105

TRULINCS 25556511 - FERNANDEZ SALCEDO, YERCY - Unit: PHL-D-N

---

FROM: 25556511
TO:
SUBJECT: Order
DATE: 01/08/2026 12:50:52 PM

**RECEIVED JAN 15 2026 U.S.C.A. 3rd CIRCUIT**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

YERCY FERNANDEZ SALCEDO

v.

UNITED STATES OF AMERICA

CRIMINAL ACTION

No. 24-CR-208-2
No. 25-CR-262-1

ORDER

AND NOW, this _____ day of _____, 202_, upon consideration of the Motion to Substitute Counsel and Withdraw Plea of Guilty submitted by Yercy Fernandez Salcedo, Pro Se, the motion is hereby GRANTED.

BY THE COURT:

_____
CHAD F. KENNEY



Percy Fernandez Salcedo
5556-511 FDC Philly
700 Arch street
P.O. Box 562

United States District Court
Eastern District of PA
Deputy Clerk for
Honorable Chad F. Kenney,
Courtroom 11B
601 Market St, Philadelphia PA 19106


